UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | |
|---|---|
| GARY EMAS and MICHELLE EMAS, | ) |
| | ) Case No. 16-CV-9904 |
| Plaintiffs, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| NATIONAL ENTERPRISE SYSTEMS, INC. | ) |
| | ) **JURY DEMANDED** |
| Defendant. | ) |

Now come the Plaintiffs, GARY EMAS and MICHELLE EMAS, by and through their attorneys, and for their Complaint against the Defendant, NATIONAL ENTERPRISE SYSTEMS, INC., Plaintiffs allege and state as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiffs are individuals who were at all relevant times residing in Crestwood, Illinois.

5. On information and belief, Defendant is a corporation of the State of Ohio, which is licensed to do business in Illinois, and which has its principal place of business in Solon, Ohio.

**COUNT I**

6. Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff Gary Emas.

8. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

9. Beginning in January 2016, Plaintiffs began receiving a high volume of automated telephone calls to Plaintiffs' cellular telephones, in attempts to collect the aforementioned alleged debt.

10. When Plaintiff Gary Emas answered Defendant's telephone calls, he would experience a long pause before he was connected to a live representative of Defendant.

11. When Plaintiff Gary Emas did not answer Defendant's telephone calls, he would often receive a voicemail message that was prerecorded. The messages did not sound like they were being left by a live representative.

12. On multiple occasions, including on at least one occasion during or about June of 2016, upon answering one of Defendant's telephone calls, Plaintiff Gary Emas spoke with an

employee, agent and/or representative of Defendant and requested that Defendant stop placing telephone calls to his cellular telephone.

13. On at least one occasion during or about January of 2016, upon answering one of Defendant's telephone calls, Plaintiff Michelle Emas spoke with an employee, agent and/or representative of Defendant and requested that Defendant stop placing telephone calls to her cellular telephone.

14. Despite Plaintiffs' requests that Defendant cease placing telephone calls to their cellular telephones, Defendant placed numerous telephone calls to Plaintiffs after such requests were made.

15. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiffs and violated the FDCPA.

16. As a result of Defendant's acts and omissions outlined above, Plaintiffs have suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

        a. Invasion of privacy;

        b. Intrusion upon and occupation of the capacity of Plaintiffs' cellular telephones;

        c. Wasting Plaintiff's time;

        d. Risk of personal injury due to interruption and distraction when receiving unwanted telephone calls from Defendant;

        e. Depletion of Plaintiffs; cellular telephone batteries;

        f. The cost of electricity to recharge Plaintiffs' cellular telephone batteries; and

g. Stress, aggravation, emotional distress and mental anguish.

17. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiffs at a time or place which was known or which should have been known to be inconvenient to Plaintiffs.

WHEREFORE, Plaintiffs pray for the following relief:

a. Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for each Plaintiff for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

18. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 16 above as if reiterated herein.

19. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiffs in connection with the collection of the alleged debt.

WHEREFORE, Plaintiffs pray for the following relief:

a. Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for each Plaintiff for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

20.    Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 16 above as if reiterated herein.

21.    Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiffs' telephone to ring and/or engaging Plaintiffs in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass.

WHEREFORE, Plaintiffs pray for the following relief:

      a.      Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for each Plaintiff for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

23.     Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 5 and 9 through 16 above as if reiterated herein.

24.     Plaintiffs are "persons" as defined in 47 U.S.C. § 153(39).

25.     Defendant is a "person" as defined in 47 U.S.C. § 153(39).

26.     On information and belief, Defendant placed the telephone calls described above to Plaintiffs using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

27.     On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

28.      On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

29.     Plaintiffs did not give Defendant their express consent, invitation or permission to contact them using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiffs may have given Defendant to contact them in this manner was terminated and revoked.

30.     Defendant's telephone calls to Plaintiffs using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

31.     Defendant's telephone calls to Plaintiffs utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiffs' express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

32. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

33. As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiffs prays for the following relief:

a. Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

b. Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

c. Judgment against Defendants for Plaintiffs' reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

d. Any other relief deemed appropriate by this Honorable Court.

## COUNT V

34. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 5, 9 through 16, and 24 through 31 above as if reiterated herein.

35. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

36. As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiffs pray for the following relief:

a. Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

b. Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

c. Judgment against Defendants for Plaintiffs' reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

RESPECTFULLY SUBMITTED,

GARY EMAS and MICHELLE EMAS

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
111 West Jackson Blvd., Suite 1700
Chicago, IL 60603
Phone: (312) 212-4355
Fax: (866) 633-0228
dlevin@toddflaw.com

/s/ Todd M. Friedman
Attorney for Plaintiff
Illinois Attorney No. 6276496
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: (877) 206-4741
Fax: (866) 633-0228
tfriedman@toddflaw.com